UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANK DIXON,<br><br>        Petitioner,<br><br>        v.<br><br>CPT. ROBINSON, Warden,<br><br>        Respondent. | No. 2:24-cv-07368-AB-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On August 28, 2024, the Court received a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1, "Petition" or "Pet.") from Frank Dixon ("Petitioner"), a state prisoner proceeding pro se and seeking leave to proceed in forma pauperis (Dkt. 3), challenging his 2019 conviction and sentence imposed by the Los Angeles County Superior Court.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition, finds it appears to suffer from at least one defect, and orders Petitioner to respond as set forth further below.

## II.
## PROCEDURAL HISTORY

Petitioner challenges his conviction by a Los Angeles County Superior Court jury in 2019 in case number B323142. Pet. at 2. Petitioner asserts he appealed the judgment of conviction, in case no. VA146759, to the California Court of Appeal, and thereafter filed a Petition for Review with the California Supreme Court. Pet. at 2-3. Petitioner asserts he also filed two habeas petition in the "Supreme Court": (1) case number B323142 (his original superior court case number) that Petitioner asserts was granted on December 24, 2021, after an evidentiary hearing; and (2) case number VA146759 (his California Court of Appeal first direct appeal case number) that Petitioner states was "[d]enied by prejudice & bias" of the judge at the "Norwalk Courthouse." Pet. at 3-4. Petition further avers he filed a petition for certiorari in the United States Supreme Court that was denied, but he does not know the case number and it was "not in the U.S. Capitol Court." Pet. at 5.

On December 15, 2022, Petitioner filed a prior habeas petition in this Court seeking to challenge the same underlying 2019 conviction. See Dixon v. Unknown, (C.D. Cal.) Case No. 2:22-cv-0913-AB ("Prior Action"), Dkt. 1. After Petitioner was provided an opportunity to respond, the Prior Petition was summarily dismissed without prejudice under Rule 4 for, among other things, being vague, conclusory, and failing to set forth grounds for relief that reflect a real possibility of constitutional error. Prior Action, Dkt. 6.

According to California Appellate Court on-line information, on October 19, 2020, the California Court of Appeal, Second Appellate District, Division Four, in People v. Frank Dixon, Case No. B299436, "conditionally reversed" Petitioner's judgment of conviction and remanded to the trial court with directions to conduct a diversion eligibility hearing under Cal. Penal Code § 1001.36. See Appellate Courts Case Information ("Appellate Courts")

at https://appellatecases.courtinfo.ca.gov; see also People v. Frank Dixon, 2020 WL 6129655, at *3, *5 (Cal. Ct. App. Oct. 19, 2020) (unpublished).[1] The state appellate court noted that Petitioner had been found guilty by a jury on July 19, 2019, for one count of assault by means of force likely to produce great bodily injury and two counts of resisting an executive officer with the jury finding true a great bodily injury enhancement. Id. at *1. On remand, the state trial court denied relief under Cal. Penal Code § 1001.36 and resentenced Petitioner to a term of imprisonment of 17 years and four months, the same sentence he had initially received. See Appellate Courts, California Court of Appeal, Second District, Division Four, People v. Frank Dixon, Case No. B323142; People v. Frank Dixon, 2023 WL 6632806, at *2 (Cal. Ct. App. Oct. 12, 2023) (unpublished). After Petitioner appealed that resentencing, the California Court of Appeal affirmed the resentencing in all respects except that the state trial court clerk was ordered to prepare an amended abstract of judgment to reflect 1,628 days of custody credits, with 244 days of conduct credit, for a total of 1,872 days of presentence credit, and forward the amended abstract of judgment to the California Department of Corrections and Rehabilitation. Id. at *7. The docket of the California Supreme Court reflects that Petitioner's subsequent Petition for Review was denied on December 20, 2023, "without prejudice to any relief to which [Petitioner] might be entitled after this court decides People v. Kopp, S257844." See Appellate Courts, California Supreme Court, Case No. S282384.

/ / /

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

## III.
## PETITIONER'S CLAIMS

In Ground One of the Petition, Petitioner writes, in full, "Petition of writ Habeas Corpus, Certiorari," and in the "supporting facts" writes, in full, "Due Process was violated my 4th & 14th [Amendment]. The right to have a fair trial in the United States." Pet. at 5.

In Ground Three (Ground Two is blank), Petitioner writes "the Courts never fix my number of credits; in the "supporting facts" he writes, in full, "the computer which the prison I'm currently in holds no evidence that the judge made sure my credit of time was accounted for within the prisons." Pet. at 6.

The Petition contains two additional handwritten pages that are difficult to decipher, referring to the wounds suffered by "victims," a reference to "[hearsay] evidence," an assertion that "a sentence of 17 years 4 months for [great bodily injury] which this is [is] cruel & unusual punishment and very unconstitutional," a hope that Petitioner will to "get back into the hands of an all American judge & courtroom," noting that he is an Army veteran, accusing an unnamed person in the court of being of an "oriental decent type of human" having "bias views toward America," and referencing something the person said "under his breath" in court. Pet. at 9-10.

## IV.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least three and possibly five reasons: (1) the allegations in the Petition are vague, conclusory, do no state facts supporting each ground, and do not facially point to real possibility of constitutional error; and  (2) the Petition may be unexhausted.

First, Petitioner has not clearly set forth the grounds for relief, or the facts underlying those grounds, that plausibly suggest entitlement to relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Here, Ground One is entirely vague and conclusory, lacking any factual support. Ground Three (there is no Ground Two) appears to refer to alleged errors in Petitioner's "good time credits" being reflected in "the computer" at the prison in which he is housed, but Petitioner does not point to any constitutional error. The vague, conclusory, and factually unsupported allegations do not facially reflect the real possibility of federal constitutional error. As such, the Petition is subject to dismissal.

Second, under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S.

270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, because Petitioner has not clearly set forth his claims, and because Petitioner, at least as to Ground One, did not check any boxes answering whether he had raised the claim on direct appear or by a habeas petition to the California Supreme Court, the Court does not make a determination as to whether those claims have been exhausted, but notifies Petitioner of the requirement should Petition opt to file an amended petition. The Court also makes no findings as to the timeliness of the Petition.

## V.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than twenty-eight (28) days from the date of this Order**, why this action should not be dismissed without prejudice under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

Alternatively, Petitioner may file an amended petition **within twenty-eight (28) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition

should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise, separately state all facts supporting such claim, and answer all of the questions pertaining to each such claim. If Petitioner contends that he exhausted his state remedies, he should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result. Petitioner should also answer all questions and provide all information regarding any ongoing proceedings in state court.

Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: September 05, 2024

_____
JOHN D. EARLY
United States Magistrate Judge